THE ATLANTIC INSURANCE COMPANY *vs.* LEMAR.

Where a demurrer was put in to the whole bill, and the cause was then referred to the assistant vice chancellor of the first circuit, who overruled the demurrer and gave the defendant six months' time to put in his answer, and the decretal order was entered with the clerk of the first circuit; and the complainant afterwards appealed from so much of the order as allowed six months to answer; and the chancellor on the appeal modified that part of the order, so as to require the defendant to answer within the usual time, with liberty to apply for an extension of the time; *Held,* that the reference of the demurrer carried with it the whole case; and that the or-

der overruling the demurrer and directing the defendant to answer, being entered with the clerk of the first circuit, where the assistant vice chancellor held his court when the order was made, all subsequent proceedings thereon must be had before the vice chancellor of that circuit; in the same manner as if the cause had been referred to such vice chancellor, and had been decided by him.

*Held further*, that the appeal, from a part only of the order of the assistant vice chancellor, did not remove the whole cause from before the vice chancellor of the first circuit; and that the proceedings upon the appeal must be remitted to him, and the application to extend the time to answer must be made to such vice chancellor.

January 4.     THIS was an application to the chancellor to extend the time for the defendant to put in his answer. The bill was originally filed before the chancellor, and the defendant put in a demurrer to the whole bill. The case was then referred to the assistant vice chancellor of the first circuit, to be heard and decided. The assistant vice chancellor overruled the demurrer, and gave the defendant six months to answer the bill. The decretal order of the assistant vice chancellor was entered with the clerk of the first circuit, according to the directions of the statute. (*Laws of* 1840, *p.* 263, § 3.) The complainants afterwards appealed from so much of the decretal order as allowed six months to answer, and the chancellor directed the order to be so modified as to require the defendant to answer within the usual time, with liberty to him to apply to extend the time upon due notice to the complainants' solicitor. (*Ante, p.* 385.)

*C. B. Moore,* for the complainant.

*E. Sandford,* for the defendant.

The CHANCELLOR said, the reference of the demurrer to the whole bill to the assistant vice chancellor carried with it the whole case; and that if the demurrer had been allowed and the bill dismissed, the decree should have been enrolled and signed by the vice chancellor of the circuit where the cause was heard; that the fifth and sixth sections of the act of March, 1839, authorizing the appointment of the assistant vice chancellor, were extended to this case by

the amendatory act of 1840; and that the order, overruling 1844.
the demurrer and directing the defendant to answer, being
entered with the clerk of the first circuit, where the assist-
ant vice chancellor held his court when the order was
made, all subsequent proceedings thereon must be had be-
fore the vice chancellor of that circuit; in the same man-
ner as if the cause had been referred to such vice chancel-
lor and had been heard and decided by him. The chan-
cellor also held that the appeal from a part of the order of
the assistant vice chancellor did not remove the whole
cause from before the vice chancellor of the first circuit;
that the proceedings upon that appeal must therefore be re-
mitted to such vice chancellor, and that this application,
to extend the time to answer, must be made to him.

N. Y. Trust
Company
v.
Davis.

Order to remit the proceedings, and to refer the motion
to the vice chancellor, to be heard and determined, ac-
cordingly.